IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALETH URRUTIA,

       Plaintiff,

v.                                            Civ. No. 16-00025 MCA/SCY

CLAYTON THOMAS MONTOYA,
TOWN OF CLAYTON,

       Defendants.

## <u>ORDER GRANTING MOTION TO STAY DISCOVERY</u>

THIS MATTER comes before the Court on Defendant Clayton Montoya's Motion to Stay Discovery. ECF No. 27.  In the motion, Defendant Montoya ("Montoya") seeks to stay all civil discovery directed to or from him pending resolution of his State criminal proceedings. ECF No. 27 at 1.  Having reviewed the motion, the relevant law, and being otherwise fully advised, the Court will GRANT IN PART and DENY IN PART Montoya's motion.

## I.     BACKGROUND

The facts underlying both the criminal and civil proceedings against Montoya occurred while Montoya was employed as a police officer by the Clayton Police Department. According to the allegations in the Complaint, Montoya visited a café where Plaintiff, a minor at the time, worked. ECF No. 1. During this visit, Montoya allegedly threatened Plaintiff with his Taser and inappropriately touched her, including pulling her onto his lap.  ECF No. 1.  For these alleged actions, Montoya was criminally charged in state district court with false imprisonment, assault, and battery.  ECF No. 27. A jury trial is currently set for August 2016.  ECF No. 27.

## II.     ANALYSIS

Whether to grant a stay of discovery in a civil case when there are criminal proceedings pending against a party is a matter of discretion for the Court. *In re CFS-Related Sec. Fraud*

*Litig.*, 256 F.Supp.2d 1227, 1236 (N.D. Okla. 2003).  "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted). Further, "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* at 1080. The determination of whether to grant a stay of discovery "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In order to maintain this balance, courts have utilized a six factor test to account for the competing interests of the parties.  *See Hilda M. v. Brown*, No. 10-02495, 2010 WL 5313755, * 3 (D. Colo. Dec. 20, 2010).  These factors are as follows: "(1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Id.* The Court will address these factors in turn.

   1. **The Extent of Overlap**

   Plaintiff does not dispute that the issues presented in the criminal and civil proceedings substantially overlap.  ECF No. 3. Plaintiff argues, however, that this overlap does not necessitate a stay of discovery.  Because Plaintiff's argument goes more toward the remedy as opposed to the substance of this factor, the Court will weigh this factor in favor of Montoya and reserve discussion of the appropriate remedy.

2

**2.  Status of the Case**

As recognized in *Hilda*, "the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." 2010 WL 5313755, *4 (citing *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76).  This is because "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and…the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id.* In this case, the State filed an Information against Montoya in June 2015 and he is currently scheduled for trial in August 2016.  That Montoya is scheduled for trial in less than two months significantly lessens any prejudice that Plaintiff would incur by staying discovery until the criminal proceedings are concluded.  Thus, this factor weighs strongly in favor of Montoya.

Plaintiff correctly points out,however, that continuances of criminal trials are not unusual and that the trial setting in this case could again be continued.  ECF No. 39 at 7 (arguing the competing interests prong).  If Montoya's criminal trial were repeatedly continued, there would be a point at which full civil discovery should proceed regardless of the pending criminal trial. Given the relative infancy of this civil case, however, the negative impact of a modest delay in the civil proceedings is minimal at this point.

**3.  Interests of Plaintiff Weighed Against Prejudice of Delay/ Interests of Defendants**

The third factor calls on the Court to examine the interests of the plaintiff in proceeding with discovery against the prejudice to plaintiff caused by the delay.  Relatedly, the fourth factor examines the interests of and burden on the defendant. The Court will consider these factors together.

Undoubtedly, Plaintiff has a strong interest in proceeding with discovery in this case.  As noted above, however, given the relative infancy of the civil case, a brief and limited stay of

discovery will not result in a protracted adjudication of Plaintiff's case.  Plaintiff filed her case in January of this year and, despite Plaintiff's apparent good faith efforts, a delay in serving Mr. Montoya prevented a scheduling order from being entered until April 28, 2016.  Further, because discovery would only be stayed as to Montoya, Plaintiff has the opportunity to pursue other avenues of discovery during the pendency of any stay entered in this case.  *See Flynn v. City of Las Cruces*, Civ. No. 15-00195, ECF No. 79 at 5 (D.N.M. Feb. 24, 2016) (concluding that prejudice was minimal to the plaintiffs where they did not show "that failing to obtain discovery from [the defendants] until after the criminal proceedings have terminated will prejudice ongoing depositions or other discovery").

Plaintiff points out, however, that near the time of the alleged incident, Montoya made inculpatory statements to law enforcement about the incident.  ECF No. 39 at 6-7.  Plaintiff argues that Montoya's current claimed Fifth Amendment interest "rings hollow" in light of his previous decision to waive his right to remain silent. ECF No. 39 at 7.  A criminal defendant's choice to invoke the protections of the Fifth Amendment, even after having made inculpatory statements to law enforcement, is nothing unusual.  *See United States v. Rivas-Macias*, 537 F.3d 1271, 1281 (10th Cir. 2008) (recognizing that an individual does not waive his or her Fifth Amendment privileges merely because of previous statements made to investigators).  Indeed, once formal charges are filed against a criminal defendant, it is extremely unusual for a defendant who chooses to go to trial to make any additional pretrial statements.  Due to the August trial setting in the criminal proceedings, Montoya faces a valid conflict between asserting his Fifth Amendment privilege and fulfilling his legal obligations in civil discovery.

For example, if the Court allowed Plaintiff to depose Montoya, Plaintiff would surely ask him about the previous statements he made.  If Montoya answered Plaintiff's questions he would

potentially further incriminate himself and, even if he did not, would at least prematurely reveal his criminal theory of defense.  While some of this danger could be mitigated by sealing the deposition (or other) records, Montoya could have a legitimate concern that information he provided would not be forever protected from criminal prosecution. For instance, a federal grand jury investigating whether Montoya committed a criminal civil rights violation could subpoena Plaintiff's counsel to ask what statements Montoya made during his deposition.  *See Grand Jury Proceedings v. United States*, 995 F.2d 1013, 1017 (11th Cir. 1993) ("Protective orders are merely a facilitating device and should not be used to shield relevant information from a valid grand jury subpoena. We find absolutely nothing in Rule 26(c) or the advisory committee notes to support the notion that Congress, in passing on and enacting the Rule, intended to circumscribe the grand jury's subpoena power.").

Faced with the possibility that statements made during discovery could criminally incriminate him, Montoya might choose to invoke his Fifth Amendment right to silence even though doing so might cause an adverse inference to be drawn against him in his civil case.  *See Mid-America's Process Service v. Ellison,* 767 F.2d 684, 686 (10thCir. 1985) (stating that while parties "unquestionably may assert a Fifth Amendment privilege in [a] civil case and refuse to reveal information properly subject to the privilege, in [such] event they may have to accept certain bad consequences that flow from that action").  If the criminal case drags on, Montoya may at some point have to face the dilemma of whether he should exercise his constitutional right to remain silent even though doing so may lead to negative consequences in his civil case.[1] But if it can be easily avoided, a person who is presumed innocent should not have to pay a cost to exercise a constitutional right.  *See Wehling v. Columbia Broadcasting System*, 608 F.2d 1084,

---

[1] Plaintiff points out that if Montoya is convicted at trial, his criminal case could continue to drag on throughout the appeal process.  ECF No. 39 at 7.  The need to stay discovery pending the outcome of a criminal appeal, however, is less compelling than when a criminal defendant, who is presumed innocent, has been charged and is facing trial.

1089 (5th Cir. 1979) ("Although a three–year hiatus in the lawsuit is undesirable from the standpoint of both the court and the defendant, permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and his lawsuit."); *cf. Lefkowitz v. Cunningham*, 431 U.S. 801, 805-807 (1977) ("a State may not impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself" such as firing a police officer or divesting someone of their political office based on refusal to waive Fifth Amendment rights).

In contrast to these legitimate interests of Montoya, Plaintiff has demonstrated little immediate need to obtain information from Montoya.  Plaintiff already possesses statements Montoya made in connection with the alleged incident and can engage in other discovery knowing what Montoya has said about the alleged incident.  If Montoya later disavows these statements in discovery, the Court can grant Plaintiff time to obtain additional discovery depending on what Montoya says.  Further, if Montoya were to assert his Fifth Amendment right to silence in response to Plaintiff's discovery requests, as he is likely to do, Plaintiff will not get any additional information now anyway.  Considering Plaintiff's interest in immediate discovery from Montoya, and any prejudice she might experience if it is delayed, together with Montoya's interests in a stay, the third and fourth factors weigh in favor of Montoya.

### 4.  Interest of the Court and Public

Defendant Montoya and Plaintiff offer the Court different paths and each argue that their sponsored course is the one that will save resources and expedite resolution of the case, thereby advancing the interests of the court and the public.  Specifically, Montoya argues that resolution of the criminal proceedings against him would clarify issues and limit the necessity of further discovery. ECF No. 27 at 7.  Plaintiff, on the other hand, contends that allowing discovery would

advance the case and better position it for a settlement conference in the near future.  ECF No. 39.  At this point, too many variables exist to know which recommended course would result in the most expeditious resolution of the case.

Plaintiff further points out that the District Attorney has not joined Montoya's request for a stay.  ECF No. 39 at 4, 8.  While a district attorney's request to stay civil proceedings is a factor that militates in favor of a stay, the absence of such a request does not mean that the district attorney favors ongoing civil discovery, or even that the district attorney is indifferent to whether civil discovery proceeds.  Many potential reasons exist to explain why a district attorney has not asserted a position in a civil discovery dispute and so accurate inferences cannot be drawn from a district attorney's failure to assert a position.  While the presence of a district attorney's request weighs on the balance of factors the Court must consider, the absence of such a request has no place on the scale.

Furthermore, the Court and the public also have an interest in not needlessly expending resources on thorny legal issues that might be avoided through a temporary limited stay of discovery.  For instance, if the Court allowed immediate discovery from Montoya, and Montoya then invoked his right to remain silent, went to trial, and was acquitted, what would be the effect of his decision to invoke his right to remain silent?  Could he testify on his own behalf at his subsequent civil trial even though he deprived Plaintiff of obtaining answers through discovery or, even though he was found not guilty, would his earlier refusal to answer questions bar him from testifying in his own defense at his civil trial? As another example, the Court will not have to address the limits of its protective orders if discovery is stayed so that no such protective order is necessary.

On balance, the Court concludes that, at this time, the interests of the public and the court favor a temporary and limited stay of discovery.  As long as the discovery stay is limited in both scope and duration, the civil case can progress without unduly interfering with the criminal proceedings or placing Montoya in the dilemma of having to choose between making a statement that could incriminate him in the criminal case, or not making a statement in the civil case and thereby essentially incriminating himself in these proceedings.

## III.   CONCLUSION

Given the above discussion of the factors at issue, the Court finds that it is appropriate to stay discovery in regard to Montoya.  However, a broad and open-ended stay of discovery is unwarranted.  Plaintiff raises valid concerns that additional continuances of Montoya's criminal proceedings could create an indefinite stay of discovery. Accordingly, the Court concludes that the stay of discovery will be in place until September 15, 2016 in order to provide an opportunity for Montoya's scheduled criminal trial to occur.  In the event that the trial is continued, Defendant Montoya may contact chambers to arrange a status conference to discuss further extensions of the stay.  The Court emphasizes, however, that while the prejudice to Plaintiff at this point is minimal, the longer the stay is in place, the greater the prejudice not only to Plaintiff but also to the expeditious resolution of the civil proceedings.

   **IT IS SO ORDERED.**


   UNITED STATES MAGISTRATE JUDGE